IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID ISAIAH GARRIS, #03115-000<br>Petitioner | : | |
| v. | : | CIVIL ACTION NO. AW-05-0481 |
| UNITED STATES PAROLE COMM'N<br>Respondent | : | |
| | : | |

..oOo..

## MEMORANDUM

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 filed by David Isaiah Garris. Respondent, the U.S. Parole Commission ("USPC")[1], through counsel, has moved for dismissal. Petitioner has filed a reply in opposition. The issues have been fully briefed and no hearing is necessary. See Local Rule 105.6. For the reasons stated below, the petition will be denied.

**I. Procedural Background**

Petitioner was sentenced in the District of Columbia to an aggregate 27 year to life sentence for first degree murder, robbery, grand larceny and unauthorized use of a vehicle. According to the Bureau of Prison's calculation of his good time credits, Petitioner became eligible for parole on the aggregate life sentence on May 13, 2005. On October 14, 2004, Petitioner applied for parole consideration with the U.S. Parole Commission.[2]

---

[1] The Court is mindful of Petitioner's pro se status and has accorded his pleadings liberal construction See Haines v. Kerner 404 U.S. 519, 520 (1972). In a habeas corpus proceeding, the appropriate respondent is the "person having custody of the person detained." 28 U.S.C. §2243. In this case, the custodian is Stephen DeWalt, Warden, FCI Cumberland.

[2] Pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, sole authority over all parole release decisions regarding District of Columbia Code felony offenders convicted in Superior Court lies with the U.S. Parole Commission. The USPC assumed responsibility for parole release determinations for all eligible D.C. Code offenders on August 5, 1998. See D.C. Code §24-131.

SCANNED

On December 14, 2004, Petitioner appeared before a hearing examiner for his initial parole hearing. Paper No. 10, Exhibit 1D. The hearing examiner applied the USPC revised guidelines for D.C. Code Offenders published at 28 C.F.R. § 2.80, and determined that a guideline range of 368-392 months applied. See id. at 2. On December 23, 2004, the Commission issued a Notice of Action denying parole and continuing Petitioner to a five-year reconsideration hearing. Paper No. 10, Exhibit 1E. In the Notice, it was stated that Petitioner had been in confinement for 291 months, and 77 months remained before he reached the lowest end of the guideline range. Paper No. 10 Exhibit 1D at 2.

## II. Petitioner's Claims

Petitioner's first claim is that the Commission violated his constitutional rights against the application of ex post facto laws when it applied its guidelines at his hearing. Paper No. 1 Supplemental Application  Secondly, he claims the USPC denied him Equal Protection because he is entitled to parole consideration similar to that received by another D.C. Code offender who brought an action in the United States District Court for the District of Columbia. See id. His third claim is that he is entitled to additional good time credits based on superior program achievement.[3] See id.

## III. Analysis

### A. Ex Post Facto Claim

The United States Constitution provides that no State shall pass any "ex post facto Law." U.S. Const., art. I, § 10, cl. 1; see also U.S. Const., art. I, § 9, cl. 3 (no "ex post facto Law shall be passed"). As the constitutional text makes clear, the ex post facto prohibition applies to "laws." See Warren v. Baskerville, 233 F.3d 204, 207 (4th Cir. 2000); Prater v. U.S. Parole Comm'n, 802 F.2d

---

[3] Petitioner lists four claims in his habeas application. Claims 2 and 4 both address review of program awards and have been combined for the purpose of this Memorandum

2

948, 951 (7th Cir.1986) (en banc). In order to demonstrate that application USPC guidelines violated the Ex Post Facto Clause, Petitioner must show the guidelines "produce a sufficient risk of increasing the measure of punishment attached to the covered crimes." California Dep't of Corrections, v. Morales, 514 U.S. 499, 509 (1995); see also Blair-Bey v. Quick, 159 F.3d 591, 591-592. (D.C. Cir. 1998). Petitioner has failed to satisfy this standard.

The D. C. Parole Board's system under the 1987 guidelines formalized the method by which it exercised its consideration discretion to grant parole. See Davis v. Henderson, 652 A. 2d 634, 634 (D.C. 1995). The USPC, the lawful successor to the D.C. Parole Board also exercises broad discretion. In fact, most courts have concluded that USPC guidelines do not constitute "laws" within the meaning of the Ex Post Facto Clause. See, e.g. DiNapoli v. Northeast Reg'l Parole Comm'n, 734 F. 2d 143, 145-47 (2nd Cir. 1985); Sheary v. U.S. Parole Comm'n, 822 F. 2d 556, 558 (5th Cir. 1987); Prater, 802 F.2d at 956-57; Dufresne v. Baer, 744 F.2d 1543, 1549-50 (11th Cir. 1984); Allston v. Gaines, 158 F. Supp. 2d 76, 82 (D.D.C. 2001); but see Forman v. McCall, 776 F2d 1156, 1159 (3rd Cir. 1985) (noting that "it remains the law of this circuit' that "if administered without sufficient flexibility, the guidelines could be considered law for ex post fact purposes.").

Discretion was the key factor in determining Petitioner's parole eligibility. Petitioner has failed to show that application of the USPC's guidelines "yields results materially harsher than those ordinarily occurring under the prior regime." Blair-Bey v. Quick, 159 F.3d 591, 592 (D.C. Cir. 1998). Indeed, Petitioner does not contend in his habeas application that he would have fared better under the pre-1987 guidelines. Thus, the Court finds that the USPC's application of its guidelines to Petitioner did not violate the Ex Post Facto Clause.

### B. Equal Protection Claim

In support of his Equal Protection claim, Petitioner refers to a review hearing conducted under pre-1987 rules of the D.C. Board of Parole. Paper No. 1, Exhibit. According to counsel for

3

USPC, the parties in that case settled, and the case was dismissed pursuant to joint motion. Paper No. 10, Exhibits A and B.[4]  This decision appears to have been *sui generis*. Paper No. 1, Exhibit 2. (letter from Michael Stover, General Counsel, U.S. Parole Commission to Blair-Bey's counsel noting that the case is "one of a kind."). As presented here, the case provides no legal basis for the instant claim to proceed.

### C. Superior Program Achievement

Lastly, Petitioner contends that he is entitled to additional good time credits for superior program achievement. Superior program achievement recognition under the Commission's rules is discretionary. See, e.g. Otsuki v. USPC, 777 F. 2d 585 (10th Cir. 1985); Kele v. Carlson, 877 F. 2d 775, 776 (9th Cir. 1989). The record shows that the Commission considered Petitioner for superior program achievement but concluded it was not appropriate in his case. Paper No. 10, Exhibit 1D at 2. There is nothing in the record to suggest the USPC abused its discretion. Accordingly, this claim does not support issuance of the writ and will be denied.

## V. Conclusion

For the aforesaid reasons, the application for writ of habeas corpus will be denied. A separate Order consistent with this Memorandum follows.

8/8/05
Date

Alexander Williams, Jr.
United States District Judge

---

[4]Counsel indicates the Commission is precluded by the Privacy Act from providing any non-public information regarding this case. Paper No. 10 at 6.